# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JERRY MARCUS (# 44262)**                                                              **PLAINTIFF**

**v.**                           **No. 4:05CV230-D-A**

**CHRISTOPHER EPPS, ET AL.**                                       **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Jerry Marcus, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff alleges that he was reassigned to more restrictive housing when the Mississippi Department of Corrections adopted its new Objective Classification System, which completely changed the criteria the prison system used to determine each inmate's proper housing classification. After being assigned to more restrictive housing, the plaintiff (who was assigned to a smoke-free zone) was nonetheless exposed to cigarette smoke. He also has difficulty obtaining hair grease, skin lotion, and baby oil. He claims that the temperature in his housing unit is kept very cool, and the defendants have refused all of his requests to purchase long underwear.

*Sandin v. Conner*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case the plaintiff has not been punished, he has simply been reclassified based upon the criteria of the Objective Classification System. Although his new housing assignment is more restrictive, it does not "impose[] atypical and significant hardship . . . in relation to the ordinary incidents of prison life;" instead, it falls "within the expected parameters of the sentence

imposed by a court of law." *Sandin* 115 S. Ct. at 2300 - 2301. As such, the plaintiff's claims regarding his housing assignment must be dismissed for failure to state a claim upon which relief could be granted.

**General Conditions**

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The plaintiff has had difficulty obtaining skin lotion, baby oil, hair grease, and long underwear – and is subjected occasionally to cigarette smoke. The only allegation requiring analysis is exposure to second-hand smoke. Sporadic and fleeting exposure to second-hand smoke, even if it causes coughing and nausea, does not rise to the level of a constitutional violation. *Id.*; *see also Oliver v. Deen*, 77 F.3d 156, 158 (7th Cir. 1996) (denying Eighth Amendment claim by asthmatic claiming smoke caused him to wheeze, gasp for breath and suffer dizziness and nausea). Even sustained exposure to second-hand smoke fails as an Eighth Amendment violation. *Oliver*, 77 F.3d at 159 (133 days of sharing cell with smoker fails to state Eighth Amendment claim); *Guilmet v. Knight*, 792 F.Supp. 93 (E.D. Wash. 1992) (sharing cell with smoker for 15 days did not "pose . . . an unreasonable risk to [the non-smoking inmate's

health], much less [deny him] 'the minimal civilized measure of life's necessities'"). In this case, the plaintiff can smell cigarette smoke coming from somewhere on his tier. After examining the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the court holds that these claims do not rise to the level of a constitutional violation. The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time. *Woods*, 51 F.3d at 581. As such, his claims must be dismiss for failure to state a claim upon which relief could be granted.

### Physical Injury Required to Recover Mental or Emotional Damages

A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for psychological or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In this case the plaintiff has not alleged any physical injury. As such, all of his claims must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 25th day of June, 2007.

/s/ Glen H. Davidson
SENIOR JUDGE