IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JERRY MARCUS                                                PLAINTIFF

v.                                                   No. 4:05CV230-D-A

CHRISTOPHER EPPS, ET AL.                                    DEFENDANTS

### Memorandum Opinion

This matter comes before the court on the *pro se* prisoner complaint of Jerry Marcus, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The court initially dismissed all of the plaintiff's allegations for failure to state a claim upon which relief could be granted. The Fifth Circuit upheld the dismissal as to all claims except the plaintiff's allegation that his health has suffered due to exposure to environmental tobacco smoke. After remand, the defendants moved for summary judgment, arguing that Marcus has not exhausted his administrative remedies. Marcus has responded to the motion, arguing that he is not required to do so. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion for summary judgment shall be granted and instant case dismissed for failure to exhaust administrative remedies.

### Factual Allegations

Marcus alleges that after being moved to a more restrictive housing assignment, he was exposed to environmental tobacco smoke, that it has caused him injury in the form of elevated blood pressure and damage to blood vessels, and that the defendants were aware of and ignored this risk to his health. The plaintiff admits that he has not, however, exhausted his administrative remedies regarding this claim.

## Discussion

A *pro se* prisoner plaintiff proceeding under 42 U.S.C. § 1983 must first exhaust his administrative remedies with the Mississippi Department of Corrections. 42 U.S.C. § 1997e(a), *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). The plaintiff in this case acknowledges that he has not completed the three-step administrative remedy program, arguing that he is not required to do so. Marcus is simply mistaken about this issue.

The Prison Litigation Reform Act states, in pertinent part:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The administrative remedy program ("ARP") in place at Mississippi Department of Corrections ("MDOC") facilities was approved by this court in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss. 1971) (order dated February 15, 1994). A district court may dismiss a lawsuit if the plaintiff fails to complete the ARP. *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998), *cert. denied,* 119 S. Ct. 1809, 143 L. Ed. 2d 1012 (1999) (quoting *Rocky v. Vittorie,* 813 F.2d 734, 736 (5th Cir. 1987)). While the exhaustion requirement is not jurisdictional, *id.* at 293-95, a prisoner must exhaust administrative remedies before the filing of suit. *Wendell v. Asher,* 162 F.3d 877, 890-91 (5th Cir. 1998); *Smith v. Stubblefield,* 30 F.Supp. 2d 1168, 1170 (E.D. Mo. 1998). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell,* 162 F.3d at 981 (citations omitted). The plaintiff has admittedly not done so, and his claims must therefore be dismissed.

For the reasons set forth above, the motion by the defendants for summary judgment shall be granted and judgment entered for the defendants. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 13th day of January, 2009.

/s/ Glen H. Davidson
SENIOR JUDGE